UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HUGH COATES, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| VS. | ) Civil Action No.  SA-06-CV-773-XR |
| | ) |
| CHARLES HALL, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On this date, the Court considered Plaintiffs' motion for new trial (Docket No. 29) and Defendants' motion for attorney's fees and costs (Docket No. 32).  For the reasons discussed below, both motions are DENIED.

On April 4, 2007, Plaintiffs filed a Notice of Appeal with this Court.  *See* Docket No. 35. Plaintiffs sought appellate review of this Court's Order granting Defendants' motion to dismiss.  *See* Docket No. 28.  The Court advises Plaintiffs that they must file an amended notice of appeal in the event that they desire to appeal the Court's rulings on these post-judgment motions.  *See* FED. R. APP. P. 4(a)(4)(B)(ii); *See Simons v. Reliance Stand. Life Ins. Co.*, 310 F.3d 865, 868 (5th Cir. 2002)

On March 12, 2007, the Court granted Defendants' motions to dismiss, holding that Plaintiffs' federal takings claim, procedural due process claim, substantive due process claim, and equal protection claim are dismissed without prejudice because they are not ripe for adjudication. The Court dismissed Plaintiffs' section 1985 claim with prejudice for failure to state a claim upon which relief may be granted.  The Court refused to exercise supplementary jurisdiction over Plaintiffs' state law tortious interference claims, which the Court dismissed without prejudice.  The Court expresses no opinion on Defendants' quasi-judicial and quasi-legislative absolute immunity

arguments.

**I.        Plaintiffs' motion to alter or amend judgment is DENIED.**

The Court construes Plaintiffs' motion for new trial as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Simons*, 310 F.3d at 868 n.1 (Rule 59 motion also referred to as motion for rehearing or reconsideration). The motion was timely filed with the Clerk within ten days after entry of judgment. *See Simmons*, 310 F.3d at 867. "Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citing *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)).

The Court finds that several issues raised in Plaintiffs' motion reiterates legal arguments that were previously rejected by this Court. In its Order granting Defendants' motions to dismiss, the Court declined to address the scope of Plaintiff's "cognizable property interest" in the groundwater beneath their land because resolution of that legal issue was irrelevant to the Court's ripeness decision. *Coates v. Hall*, No. SA-06-CV-773-XR, 2007 WL 781724, *14 (W.D. Tex. March 12, 2007). Furthermore, the Court rejected Plaintiffs' argument that Tex. Water Code § 36.105 foreclosed a state court remedy for a regulatory taking of groundwater in Texas. *Id.* at *14 n.8. Absent some definitive ruling from a Texas court indicating that Plaintiffs would almost certainly be denied compensation for a regulatory taking of groundwater, Plaintiffs must seek and be denied compensation before their federal regulatory takings claim will ripen. *Id.* at *15.

The other issues raised in Plaintiffs' motion do not convince this Court that it committed a manifest error of law or fact in granting Defendants' motions to dismiss. In their motion, Plaintiffs cited to *Lingle v. Chevron U.S.A., Inc.* for the proposition that their "due process claims are ripe

without reference to whether compensation was sought or not." The Supreme Court's decision in *Lingle* merely clarified the test for a federal regulatory takings claim by holding that the "substantially advances" test only applies to due process claims, not to takings claims. *See* 544 U.S. 528, 540 (2005) ("Although a number of our takings precedents have recited the "substantially advances" formula . . . this is our first opportunity to consider its validity as a freestanding takings test. We conclude that this formula prescribes an inquiry in the nature of a due process, not a takings, test, and that it has no proper place in our takings jurisprudence"). In *Lingle*, the Supreme Court noted that if governmental action failed to "substantially advance legitimate state interests," then that governmental objective "may be so arbitrary or irrational that it runs afoul of the Due Process Clause." *Id.* at 540, 542.

Although *Lingle* reinforces the conclusion that there is a difference between due process claims involving property and takings claims, *Lingle* does not address the issue of when a substantive due process claim involving property is subsumed by a related takings claim. Indeed, the Fifth Circuit has recognized the distinction between substantive due process claims involving property and takings claims in *John Corp. v. City of Houston*, 214 F.3d 573 (5th Cir. 2000) and *Simi Inv. Co. v. Harris County, Tex.*, 236 F.3d 240 (5th Cir. 2000), which were extensively discussed in the Court's previous Order granting Defendants' motions to dismiss. Based on *John Corp.* and *Simi*, this Court concluded that Plaintiff's due process and equal protection claims were inextricably intertwined with and subsumed by the related takings claim. The Court further observed that consideration of Plaintiff's due process and equal protection claims prior to the resolution of the pending state court litigation would result in the piecemeal, premature adjudication of this case.

In response to Plaintiffs' various arguments, the Court adopts the reasoning of its previous Order, which is incorporated herein by reference. Furthermore, the Court has located another Fifth Circuit case reinforcing its conclusion that Plaintiffs' due process and equal protection claims are

subsumed by the related takings claim.  In *Sandy Creek Investors, Ltd. v. City of Jonestown, Texas*, the Fifth Circuit *sua sponte* held that it did not have jurisdiction to consider a substantive due process claim involving property regulation because a related takings claim was not ripe for adjudication. *See* 325 F.3d 623, 626 (5th Cir. 2003) ("We therefore hold that the district court lacked jurisdiction to consider this case because the federal takings claim was not ripe").

In *Sandy Creek*, the plaintiff alleged a substantive due process claim against the defendants, claiming that the defendants ignored state law and applicable city ordinances when they refused to approve [plaintiff's] land development permit despite the fact that the permit allegedly met all requirements.  *Id.* at 625.  The plaintiff argued that "the defendants' actions were arbitrary, unreasonable, capricious, and lacking a substantial relation to any valid legislative/governmental objective, which denied Sandy Creek its rights to use and develop the Property." *Id.*  The plaintiff requested damages equal to the value of the property due to the City's alleged unconstitutional taking." *Id.*  The *Sandy Creek* case had been removed to federal court on the basis of the federal regulatory takings claim made in the plaintiff's complaint; however, that takings claim was not ripe when the case was removed because the plaintiff never "exhausted its administrative or state court remedies [to obtain compensation] as required by the second prong of *Williamson County*." *Id.* at 626. The Fifth Circuit concluded that "[a]lthough 'substantive due process claims alleging deprivations of property are not necessarily subsumed under the Takings Clause,' Sandy Creek's complaint that the City violated the Fourteenth Amendment to the United States Constitution was framed only as a takings claim." *Id.* (citing *Simi*, 236 F.3d at 248).

The Court finds that the facts of this case are similar to the facts of *Sandy Creek*. Both cases involved allegedly "arbitrary and capricious" property regulation by a governmental entity.  Both cases involved requests for damages equal to the value of the property due to the governmental entity's alleged unconstitutional taking. See Complaint, ¶ 53 ("Plaintiff is entitled to damages

measured by the value of that right withheld from them from the date the same should have been issued until the date it is issued"). The Court believes that Plaintiffs' substantive due process claim in this case is "framed only as a takings claim." *See* Complaint, ¶ 42 ("Such actions constitute a taking of Plaintiffs' property without substantive or procedural due process"); *see also Dallas Indep. Sch. Dist. v. Calvary Hill Cemetery*, 318 F. Supp.2d 429, 433-34 (N.D. Tex. 2004). Plaintiffs' motion to alter or amend judgment is DENIED.

## II.   Defendants' motion for attorney's fees and costs is DENIED.

Defendants have filed a motion for attorney's fees and costs. Under 42 U.S.C. § 1988, a court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" for proceedings in vindication of civil rights. The purpose of this law is to ensure " 'effective access to the judicial process for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The Supreme Court has set a rigorous standard for awarding attorney's fees to prevailing defendants. A district court may award attorney's fees to a prevailing civil rights defendant only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416 (1978)). Thus, attorney's fees for prevailing defendants are presumptively unavailable unless a showing is made that the underlying civil rights suit was vexatious, frivolous, or otherwise without merit. *Id.* Upon concluding that the movant is a prevailing party within the meaning of § 1988, the court in its discretion may then decide whether the movant is entitled to a reasonable fee award. *Id.*

The Court refuses to exercise its discretionary authority to award attorney's fees to Defendants. In their motion, Defendants stated that they "are not seeking attorney's fees related to claims that were dismissed without prejudice." The Court agrees that Defendants are not prevailing parties with regard to claims that were dismissed without prejudice. A dismissal without prejudice

does not entitle a defendant to "prevailing party" status because it is not a judgment on the merits. *See U.S. v. $13,275.21*, No. SA-06-CA-171-XR, 2007 WL 316455, *4 (W.D. Tex. Jan. 31, 2007). Furthermore, a dismissal without prejudice on ripeness grounds is simply not tantamount to a finding of frivolousness.

Defendants argue that Plaintiffs' section 1985 claim, with was dismissed with prejudice, was frivolous and they should be awarded 25% of their total attorney's fees of $14,369.58, which equals $3,592. Although Defendants are entitled to "prevailing party" status with regard to the section 1985 claim, the Court does not believe that the dismissal of this ancillary claim taints the entire action such that an award of attorney's fees is justified. *See Dean*, 240 F.3d at 508 (holding that attorney's fees are unavailable to prevailing civil rights defendants unless the *underlying civil rights suit* was vexatious, frivolous, or otherwise without merit).

Defendants suggest that they are entitled to attorney's fees and costs pursuant to Texas Water Code § 36.066(g). Section 36.006(g) states that " If the district prevails in any suit other than a suit in which it voluntarily intervenes, the district may seek and the court shall grant, in the same action, recovery for attorney's fees, costs for expert witnesses, and other costs incurred by the district before the court. The amount of the attorney's fees shall be fixed by the court." The Court does not believe that Texas Water Code § 36.066(g) entitles Defendants to a mandatory award of attorney's fees and costs in this case. First, as discussed previously, Defendants are not entitled to "prevailing party" status on those claims that were dismissed without prejudice. *See Guitar Holding Co. L.P. v. Hudspeth County Groundwater Conservation District No. 1*, 209 S.W.3d 146, 168 (Tex. App.–El Paso 2006, no pet.) (holding that the "prevailing party" is the party "vindicated by the judgment rendered"). The Court expressed no opinion on the merits of those claims that were dismissed without prejudice. Second, the Court finds that 42 U.S.C. § 1988, not Texas Water Code § 36.066(g), provides the correct legal standard for recovery of attorney's fees in this federal civil

rights case. Section 36.006(g) governs awards of attorney's fees when a groundwater conservation district prevails on a state law claim. *See Guitar Holding*, 209 S.W.3d at 169 (holding that the District was entitled to attorney's fees and costs because it prevailed on state law claims regarding the District's permit application decisions and fee assessments). Defendants' motion for attorney's fees is DENIED. Each party shall bear their own costs.

### III.     Conclusion

Plaintiffs' motion for new trial (Docket No. 29) and Defendants' motion for attorney's fees and costs (Docket No. 32) are DENIED.

It is so ORDERED.

SIGNED this 10th day of April, 2007.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE